# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1165V
UNPUBLISHED

| | |
|---|---|
| HOLLY REYNOLDS,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: February 24, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

On September 9, 2020, Holly Reynolds filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, after receiving the tetanus, diphtheria, and pertussis ("Tdap") vaccine on October 24, 2018. Petition at 1, ¶ 2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 20, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On February 23, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $100,359.40, representing compensation in the amount of $100,000.00 for her actual pain

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all Section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

and suffering, $264.00 for her past unreimbursable expenses, and $95.40 for satisfaction of the State of Oregon Medicaid lien. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award $100,359.40 as follows:**

1. **A lump sum payment of $<u>100,264.00</u>, representing $100,000.00 for her actual pain and suffering and $264.00 for her actual unreimbursable expenses in the form of a check payable to Petitioner; and**

2. **A lump sum payment of $<u>95.40</u>, representing reimbursement of a Medicaid lien for services rendered to Petitioner by the State of Oregon, in the form of a check payable jointly to Petitioner and to:**

AllCare Health Plan<br>
Attn: Rikki Lobato<br>
1701 NE 7th Street<br>
Grants Pass, OR 97526

Proffer at 2. Petitioner agrees to endorse the check to Personal Injury Liens Unit (PIL) for satisfaction of the Medicaid lien. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id.*

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| HOLLY REYNOLDS,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | No. 20-1165V<br>Chief Special Master Corcoran<br>ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On September 9, 2020, Holly Reynolds ("petitioner"), filed a Petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34, alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA") in her left shoulder as a result of a Tetanus, Diphtheria, and Acellular Pertussis ("Tdap") vaccine administered on October 24, 2018. Petition ("Pet.") at 1. On December 17, 2021, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act, and the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation on December 20, 2021. ECF No. 26; ECF No. 28.

**I. Items of Compensation**

  A. Pain and Suffering

Respondent proffers that Holly Reynolds should be awarded $100,000.00 in actual pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.    <u>Past, Unreimbursible Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded $264.00 in past, unreimbursible expenses. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

    C.    <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy a State of Oregon Medicaid lien in the amount of $95.40, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Oregon may have against any individual as a result of any Medicaid payments the State of Oregon has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about October 24, 2018, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.**    **<u>Form of the Award</u>**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner be made through two lump sum payments as described below:

1)    A lump sum payment of $100,264.00 in the form of a check payable to petitioner.[1]

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

2)      A lump sum payment of $95.40, representing compensation for satisfaction of the State of Oregon Medicaid lien, payable jointly to petitioner and to:

AllCare Health Plan<br>
Attn: Rikki Lobato<br>
1701 NE 7th Street<br>
Grants Pass, OR 97526

Petitioner agrees to endorse this payment to Personal Injury Liens Unit (PIL) for satisfaction of the Medicaid lien.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ Alexa Roggenkamp
ALEXA ROGGENKAMP
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
(202) 616-4179
alexa.roggenkamp@usdoj.gov

DATED: February 23, 2022