<span style="color:red">CORRECTED</span>

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
**No. 20-1165V**

|  |  |
|---|---|
| HOLLY REYNOLDS,<br><br>       Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>       Respondent. | Chief Special Mater Corcoran<br><br>Filed:  May 10, 2022<br><br>Special Processing Unit (SPU); Post-Judgment Relief; RCFC 60(a); RCFC 60(b) |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC, for Respondent.*

## ORDER WITHDRAWING DECISION AND VACATING JUDGMENT – SPECIAL PROCESSING UNIT[1]

On May 4, 2022, Respondent filed a motion seeking relief from Judgment pursuant to Rule 60(b)(1) of the Rules of the United States Court of Federal Claims because the incorrect Medicaid lien information was mistakenly included in the Proffer filed on February 23, 2022, at ECF No. 33. Respondent's Motion for Relief from Judgment and Entry of Amended Judgment ("Motion") at 1, ECF No. 40. This incorrect information was repeated in the Decision of the Special Master - Stipulation/Proffer("Decision") issued on February 24, 2022, at ECF No. 34; and Judgment entered on March 1, 2022, at ECF No. 36. *Id.*

After the Judgment had entered in this case, Petitioner alerted Respondent to the mistake. Motion at 1-2. Respondent has filed a corrected Proffer and asks that I strike the

---

[1] Because this unpublished Order contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

previous Proffer, Decision, and Judgment, and issue a new decision containing the correct payment information. *Id.* at 2.

### I.    Legal Standard

Vaccine Rule 36(a) allows a  party to obtain relief from judgment in two ways: either by filing a motion for reconsideration pursuant to Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC"), or by seeking relief from  judgment pursuant to RCFC 60. If the case was assigned to a judge for review, the  motion will be referred to the same judge.  Vaccine Rule 36(a)(1). Otherwise, the  motion will be referred to the special master assigned to the case. Vaccine Rule  36(a)(2).[2]

In determining whether a judgment should be set aside or altered, "the need for finality of judgments" must be balanced against "the importance of ensuring that litigants have a full and fair opportunity to litigate." *Kennedy v. Sec'y of Health & Hum. Servs.*, 99 Fed. Cl. 535, 539 (2011) (citing *United Student Aid Funds,  Inc. v. Espinosa*, 559 U.S. 260, 276 (2010); *see also Bridgham by Libby v. Sec'y of Health & Hum. Servs.*,  33 Fed. Cl. 101, 104 (1995) (discussing the "tension between the goals of ensuring that  the court's judgment appropriately reflects the adjudication of the parties' rights and of  providing the parties with certainty as to those rights").

Pursuant to the RCFC 60, "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." RCFC 60(a). Additionally, a party may request relief from final judgment for the specific reasons listed in RCFC 60(b)(1)-(5) or the "catch all" provision  at RCFC 60(b)(6). Similar to RCFC 60(a), RCFC 60(b)(1) allows post judgment relief for "mistake, inadvertence, surprise, or excusable neglect." I  have previously discussed  the  differences between RCFC 60(a) and RCFC 60(b)(1) in *Williamsen v. Sec'y of Health & Hum. Servs.,* No. 10-0223V, 2014 WL 1388894 (Fed. Cl. Spec. Mstr. Feb. 5, 2014).

### II.    Conclusion

As in *Williamsen,* I "find that the relief requested by Petitioner is warranted under Rule 60(a), independent of whether Petitioner could also establish a basis for revising the

---

[2] This sharing of authority over judgments between judge and special master was determined to be appropriate, since Vaccine Rule 36 allows for immediate review of the special master's ruling. *Vessels v. Sec'y of Health & Hum. Servs.*, 65 Fed. Cl. 563, 568 (2005).

Fee Judgment under Rule 60(b)(1)." 2014 WL 1388894, at *2. The RCFC allow me to correct "a clerical mistake or a mistake arising from oversight or omission." RCFC 60(a).

Respondent has alerted me to the fact that the previously filed Proffer contained incorrect information regarding the payment of an amount to satisfy the Medicaid lien in this case. Additionally, he filed a corrected Proffer - containing the correct information, on May 4, 2022, at ECF No. 41.

In light of the foregoing, the Clerk of the Court is hereby instructed to:

1. **STRIKE the Proffer filed on February 23, 2022, at ECF No. 33;**
2. **WITHDRAW the Decision issued on February 24, 2022, at ECF No. 34;**
3. **VACATE the Judgment entered on March 1, 2022 at ECF No. 36;**
4. **STRIKE the Election to Accept Judgment filed on March 2, 2022, at ECF No. 37; and**
5. **WITHDRAW the Public Decision posted on March 30, 2022 at ECF No. 38**.

A corrected Decision will be issued separately thereafter.

Any questions about this order or about this case generally may be directed to OSM staff attorney, Stacy Sims at (202) 357-6349 or email: Stacy_Sims.cfc.uscourts.gov.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
